# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE H. CERVANTES, | CASE NO. 1:11-cv–00387-BAM PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DARREL G. ADAMS, et al., | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| Defendants. | |

Plaintiff Jose H. Cervantes is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on March 7, 2011. (ECF No. 1.) On April 6, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge. (ECF No. 6.) On March 12, 2012, the complaint was screened and an order issued dismissing Plaintiff's due process claims based upon his initial hearing and classification as a gang associate, with prejudice, for failure to state a claim. (ECF No. 8.) Plaintiff was granted thirty days in which to file an amended complaint regarding his remaining claims. On April 17, 2012, Plaintiff filed a first amended complaint. (ECF No. 9.)

**I.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at , 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a has defendant acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

Further, under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955).

**II. Discussion**

Plaintiff was informed that his first amended complaint was not to contain any legal argument or case citations. The first amended complaint includes a brief in which Plaintiff argues his claims. Since Plaintiff was informed that he was not to include any legal argument or case citations, all such references shall be disregarded. Once again Plaintiff brings his complaint alleging that there was no evidence establishing Plaintiff as a current gang associate, and the evidence did not comport with Title 15 established criteria. Such arguments are disregarded as these claims have been dismissed, with prejudice.

1   Prior to going to prison, Plaintiff, a non-validated member of the Glendale Westside Locos
2  13 street gang, got a tattoo on his right knee that reads "Varriolocos 13" Locos".  Plaintiff alleges
3  that his tattoo had been viewed hundreds of times by California Department of Corrections staff
4  without it being noted until prison officials began to investigate him for gang activity in 2005.
5  Plaintiff states that "punishing him for the innocuous possession of a tattoo runs afoul of the First
6  Amendment."  (First Am. Compl. 12,[1] ECF No. 9.)  Plaintiff also claims that the California
7  Department of Corrections and Rehabilitation has failed to show how the possession of this tattoo
8  creates a threat of safety and security of the institution.  (Id. at13.)

9   Plaintiff has failed to allege facts to show that there was not a legitimate penological purpose
10 for using the symbol as a gang designation criteria.  Plaintiff does not dispute that the symbol
11 designates him as a member of the street gang, but argues that using it as some evidence of his gang
12 membership violates the First Amendment.

13  The Supreme Court has long recognized that "(l)awful incarceration brings about the
14 necessary withdrawal or limitation of many privileges and rights, a retraction justified by the
15 considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948); see also
16 Pell v. Procunier, 417 U.S. 817, 822, (1974); Wolff v. McDonnell, 418 U.S. 539, 555 (1974). "The
17 fact of confinement and the needs of the penal institution impose limitations on constitutional rights,
18 including those derived from the First Amendment, which are implicit in incarceration." Jones v.
19 North Carolina Prisoners' Labor Union Inc., 433 U.S. 119, 125 (1977) (quoting Price, 344 U.S. 266,
20 285 (1948)).  As stated in Pell, 417 U.S. at 822:

> (A) prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.  Thus, challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system, to whose custody and care the prisoner has been committed in accordance with due process of law.

25  By Plaintiff's own admission, prison officials had viewed his tattoo for years without noting
26 it.  It was only on March 26, 2005, after other gang indicators were discovered that Plaintiff's tattoo

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

was considered to affiliate Plaintiff as a gang member.  While Plaintiff alleges that he is being designated as a gang member based upon the tattoo, he was designated based upon a kite (note) that stated he would be taking over the gang activity on the general population, a letter prison officials identified as being authored by Plaintiff that was directed to a known gang member, and artwork found in Plaintiff's cell that contained gang symbols.  Plaintiff has failed to state a plausible claim that his First Amendment rights were violated by using his gang tattoo as one of the source criteria identifying him as a prison gang member.

### III.     Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, Plaintiff has been granted the opportunity to file an amended complaint, with direction from the Court, and has filed two complaints without stating a cognizable claim.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which relief may be granted under section 1983 and the Clerk's Office shall enter judgment.  This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. § 1915(g).  Silva v. Vittorio, No. 08-15620, 2011 WL 4436248, at *4 (9th Cir. Sept. 26, 2011).

IT IS SO ORDERED.

Dated:   **April 24, 2012**              /s/ **Barbara A. McAuliffe**
                                     UNITED STATES MAGISTRATE JUDGE